TCJCKBR, Judge.
A special authority, delegated, by an act of the legislature, to particular persons to take away a man’s property and estate against his will, must be strictly pursued; and must appear to be so upon the face of the order. Cowp. 29, 642; and cannot be cured by appearance. Cowp. 30; 12 Mod. 513. To which I add, that every man claiming a right or benefit, in a judicial court, ought to shew himself (and make it so appear upon the record) to be clearly entitled thereto: and ought not only to suggest every thing necessary to his own title; but, if it be controverted, should prove it.
Although the bed of all the navigable rivers below the falls may be presumed to be in the commonwealth, yet several acts of assembly seem to admit that they may have been granted away to other persons.
Thus the act concerning titles to lands in the Northern Neck, recites a grant, to the ancestors of lord Fairfax, of the rivers Rappahannock and Potowmac themselves, and of all islands within their banks. Virg. Law's, edi. 1794, ch. 3. So the act to prevent unlawful hunting and ranging, gives a remedy against persons, who shall fish or fowl in any creeks or waters within the bounds of any other person. Ibid. ch. 89. And the act, concerning the land office, reserves the bed of any river or creek, in the eastern part of the commonwealth, which may have remained ungranted by the former government. Ibid. ch. 86, sect. 6.
Here a presumption (perhaps slight, but not repelled by any thing in the record) that the bed of the river, at this very spot, may have been vested in Back, whose name is used as describing the mill seat; and it is not shewn that the petitioner had any title derived from him.
I am therefore of opinion, that the judgment of the district court, reversing that of the county court, ought to be affirmed.
*ROANE, Judge.
As to the general question made in this cause, touching the effect of a decision by a divided court, 1 entirely concur with the judge who preceded me. Such decision determines the cause, but does not settle the question.
As to the merits of the case, wherever a jurisdiction is confined to a particular class of persons, they should, in the proceedings, shew themselves entitled to sue. This is laid down in 1 Salk, 201, in reference to inferior courts, and to the face of the declaration. The principle equally applies in the case before us, and perhaps more strongly, as this is a summary proceeding. Every citizen has not a right to erect a mill, but only such as own lands adjacent to a stream, the property of the bed whereof exists in himself, or in the commonwealth. This is, as much as the first, an essential ingredient of his title. Were this omitted to be stated, it might be, for any thing known to the appellate court, or appearing in the record, that leave was given to erect a mill to a person not by law entitled. If the bed of all navigable rivers actually belonged to the commonwealth, it would be sufficient to state that the land proposed as the site of the mill adjoined such river: But the fact is, and is so admitted by many of our laws, that the beds of navigable rivers are granted to individuals: Hence, a declaration, according to the act of assembly, becomes indispensably necessary.
FLEMING, Judge.
The judgment of an equally divided court is not a precedent; and therefore the case of Home v. Richards, 2 Wash. 36, is not authority upon the present occasion.
Upon principle, however, a law like this ought to be strictly pursued : which was not done in this case, as several of the things required by the act of assembly, with regard to the height of the dam, &c. have not been attended to. And therefore, I think that the judgment of the district court ought to be affirmed.
*C ARRINGTON, Judge.
The case of Richards v. Home, 2 Wash. 36, settles nothing in relation to this; for the judgment of the court in that case was upon an equal division of the judges; and of course forms no precedent.
The omission to state in the petition who owned the bed of the river, was immaterial; for the Rappahannock was notoriously a navigable river, the bed of which necessarily belonged to the commonwealth; and it could not be important to state what was universally known.
But the other objections to the proceedings are more important.
1. The order for building the mill is made by the court of Culpeper, when the petition states that the petitioner’s land lay in Fauquier; and it does not appear that he had any in Culpeper, w'ithout which the *1012 court of the latter county had not jurisdiction.
2. The verdict states that the jury had examined the lands above and below the mill in Culpeper only; and says nothing- as to those in Fauquier, which might have been exposed to the injuries contemplated by the act of assembly.
3. The county court omitted to lay the petitioner under the restrictions prescribed by the statute, with regard to fish of passage, &c.; which was a fatal error.
Upon the three last objections, therefore, I think the judgment of the county court was rightly reversed by that of the district court; and consequently, that the latter ought to be affirmed.
LYONS, President, concurred with JUDGES TUCKER, ROANE and FLEMING; and the judgment of the district court was affirmed.